| Information to identify the case: | | | |
|---|---|---|---|
| Debtor: | **Gary Grant Chamberlain II** <br> Name | Social Security number or ITIN: | xxx–xx–3006 |
| | | EIN: | _ _–_ _ _ _ _ _ _ |
| United States Bankruptcy Court – Southern District of Indiana | | Date case filed in chapter 7: | June 11, 2025 |
| Case number: | 25–03387–JJG–7 | | |

# Official Form 309A (For Individuals or Joint Debtors)
## Notice of Chapter 7 Bankruptcy Case –– No Proof of Claim Deadline   10/2020

**For the debtor listed above, a case has been filed under chapter 7 of the Bankruptcy Code. An order for relief has been entered.**

**This notice has important information about the case for creditors, the debtor, and trustees, including information about the meeting of creditors and deadlines. Read both pages carefully.**

The filing of the case imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts from the debtor or the debtor's property. For example, while the stay is in effect, creditors cannot sue, garnish wages, assert a deficiency, repossess property, or otherwise try to collect from the debtor. Creditors cannot demand repayment from the debtor by mail, phone, or otherwise. Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees. Under certain circumstances, the stay may be limited to **30 days** or not exist at all, although the debtor can ask the court to extend or impose a stay.

The debtor is seeking a discharge. Creditors who assert that the debtor is not entitled to a discharge or who want a debt excepted from discharge may be required to file a complaint within the deadlines specified in this notice. (See "Deadlines" section for more information.)

To protect your rights, consult an attorney. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below or through PACER (Public Access to Court Electronic Records) at pacer.insb.uscourts.gov.

**The staff of the bankruptcy clerk's office cannot give legal advice.**

**To help creditors correctly identify the debtor on this case, the debtor must submit a full Social Security or Individual Taxpayer Identification Numbers, which may appear on a version of this notice. However, the full numbers must not appear on any document filed with the court.**

**Do not file this notice with any proof of claim or other filing in the case. Do not include more than the last four digits of a Social Security or Individual Taxpayer Identification Number in any document, including attachments, that you file with the court.**

| 1. | **Debtor's full name** | Gary Grant Chamberlain II | |
|---|---|---|---|
| 2. | **Other names** <br> (used in last 8 years) | dba Gary Grant Chamberlain, fdba Moonshine Vandals | |
| 3. | **Address** | 6049 E 10th St <br> Indianapolis, IN 46219 | |
| 4. | **Debtor's attorney** <br> Name and address | Hubert Joseph Riedeman <br> 4036 Madison Avenue <br> Indianapolis, IN 46227 | Contact info: 317–786–6113 or <br> bk@tomscottlaw.com |
| 5. | **Bankruptcy trustee** <br> Name and address | Jenice Golson–Dunlap <br> Jenice Golson–Dunlap, Trustee <br> P O BOX 68328 <br> Indianapolis, IN 46268 | Contact info: 317–263–3580 |

**For more information, see page 2 >**

| | | | |
|---|---|---|---|
| 6. | **Bankruptcy clerk's office** Documents in this case may be filed at this address or ecf.insb.uscourts.gov. You may inspect all records filed in this case at this office or pacer.insb.uscourts.gov. | United States Bankruptcy Court Southern District of Indiana 46 E Ohio St Rm 116 Indianapolis, IN 46204 | Open weekdays 8:30 AM – 4:00 PM ET  Contact info: 317–229–3800 |
| 7. | **Meeting of creditors** The debtor must attend the meeting to be questioned under oath. Creditors may attend but are not required to do so. If the meeting is continued or adjourned to a later date, the date will be on the court docket. | **July 15, 2025 at 02:10 PM Eastern**  **The debtor MUST provide picture identification and proof of social security number** to the trustee prior to the meeting of creditors. Failure to do so may result in the case being dismissed. Language interpretation of the meeting of creditors will be provided to the debtor at no cost through a telephone interpreter service upon request made to the trustee. | Location:  **zoom.us/j/9949531460** Meeting ID:**994 953 1460** Passcode: **8721883390** Phone: **463–259–7341**  For additional information, visit justice.gov/ust/moc. |
| 8. | **Presumption of abuse** If the presumption of abuse arises, you may have the right to file a motion to dismiss the case under 11 U.S.C. § 707(b). The debtor may rebut the presumption by showing special circumstances. | The presumption of abuse does not arise. | |
| 9. | **Deadlines** The bankruptcy clerk's office must receive these documents and any required filing fee by the following deadlines. | **Deadline to object to discharge or challenge whether certain debts are dischargeable: You must file a complaint by the deadline:** • if you assert that the debtor is not entitled to a discharge under 11 U.S.C. § 727(a)(2)–(7) or  • if you want to have a debt excepted from discharge under 11 U.S.C. § 523(a)(2), (4), or (6). | **September 15, 2025 You must file a motion by the deadline:** • if you assert that the discharge should be denied under 11 U.S.C. § 727(a)(8) or (9). |
| | | **Objection to exemptions:** The law permits the debtor to keep certain property as exempt. If you believe the law does not authorize an exemption claimed by the debtor, you may file an objection **no later than 30 days after the meeting of creditors concludes**. | |
| 10. | **Proof of claim** Do not file a proof of claim unless you receive a notice to do so. | No property appears to be available to pay creditors. Therefore, please do not file a proof of claim now. If it later appears that assets are available to pay creditors, the clerk will send you another notice telling you that you may file a proof of claim and stating the deadline. | |
| 11. | **Creditors with a foreign address** | If you are a creditor receiving a notice mailed to a foreign address, you may file a motion asking the court to extend the deadlines in this notice. Consult an attorney familiar with United States bankruptcy law if you have a question about your rights in this case. | |
| 12. | **Exempt property** | The law allows the debtor to keep certain property as exempt. Fully exempt property will not be sold and distributed to creditors. The debtor must file a list of property claimed as exempt. You may inspect that list at the bankruptcy clerk's office or pacer.insb.uscourts.gov. If you believe the law does not authorize an exemption claimed by the debtor, you may file an objection **no later than 30 days after the meeting of creditors concludes**. | |
| 13. | **Abandonment of property** | Pursuant to S.D.Ind. B–6007–1, a trustee's report of no distribution serves as a notice proposing the abandonment of all property from the estate. No further notice of the abandonment will be given unless a party in interest files a request for further notice of abandonment no later than **one day** before the first date set for the 341 meeting. Any party filing such a request will be given notice upon filing of the report of no distribution and have **14 days** to object to the abandonment. | |